UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEVE L. SMITH, <br>     No. 219219, <br><br>     Plaintiffs, <br><br> v. <br><br> RUTHERFORD COUNTY ADULT <br> DETENCION CENTER, et al., <br><br>     Defendants. | NO. 3:16-cv01275 <br> JUDGE CRENSHAW |

## MEMORANDUM

Plaintiff, an inmate of the Rutherford County Adult Detention Center in Murfreesboro, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against the Rutherford County Adult Detention Center, Officer f/n/u Layhew, Officer f/n/u Bailey, and Officer f/n/u Farley, alleging the deprivation of the Plaintiff's personal property. (Doc. No. 1). As relief, the Plaintiff seeks monetary damages from each Defendant. (*Id*. at p. 11).

The Plaintiff's complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.     PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and

1

summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Plaintiff brings his claim pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights,

privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

**III.     Alleged Facts**

The complaint alleges that, while the Plaintiff was incarcerated at the Rutherford County Adult Detention Center, Officer Layhew entered the Plaintiff's cell on November 10, 2015, and told the Plaintiff he was moving to a segregated unit. At this time, the Plaintiff was not given a receipt for his personal property, which remained in his cell.

Upon the Plaintiff's release from segregation on December 13, 2015, he returned to his original cell and discovered that a number of his personal property items were missing. When he questioned an officer about his missing property, the officer returned some but not all of the missing items. The complaint alleges that the following items remain missing: one pair of men's shoes, nine packages of tuna, and one plastic bowl. The Plaintiff spoke to other officers about these missing items, and Officer f/n/u Brady told the Plaintiff that he had spoken to Corporal Bailey about it, and the only way the Plaintiff could seek any further recourse would be if he produced a receipt listing all of his property from the date he was moved into segregation. (Doc. No. 1).

**IV.     Analysis**

First, the complaint names the Rutherford County Detention Center as a Defendant. However, the Rutherford County Adult Detention Center, like any other jail or workhouse, is a

place; it is not a "person" that can be sued under 42 U.S.C. § 1983. Cf. Fuller v. Cocran, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing § 1983 claims against the Bradley County Justice Center on the same basis); Seals v. Grainger County Jail, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Thus, the complaint fails to state a claim upon which relief can be granted against the Rutherford County Adult Detention Center, and all claims against the Rutherford County Adult Detention Center will be dismissed.

The complaint's allegations against the remaining Defendant officers involve the loss or theft of an inmate's personal property. These allegations present claims of an unlawful deprivation of property under § 1983. The Due Process Clause of the Fourteenth Amendment protects against the unlawful taking of a person's property by public officers. However, the Supreme Court has held that, where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. Parratt v. Taylor, 451 U.S. 527, 543-44 (1981), overruled on other grounds, Daniel v. Williams, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Because the Plaintiff's claims are premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. See Copeland v. Machulis, 57 F.3d 476, 479-80 (6th Cir. 1995). Under settled Sixth Circuit law, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due process action. See Brooks v. Dutton, 751 F.2d 197 (6th Cir. 1985).

Here, the Plaintiff has not sustained his burden. State post-deprivation remedies are

4

available to him.  The Sixth Circuit Court of Appeals has held that Tennessee's statutory remedy against local governments for loss of property affords an adequate remedy to return items either negligently or intentionally converted.  Id. at 199.  The Plaintiff has not alleged that he attempted post-deprivation remedies or that they were inadequate.  The complaint only alleges that the Plaintiff brought the missing items to the attention of several officers, filed a written grievance regarding the matter to facility officials, and wrote a letter to Sergeant Farley about his missing items.  (Doc. No. 1 at p. 3).  Thus, because there are adequate state post-deprivation remedies available to the Plaintiff, his Due Process claims against Defendants Layhew, Bailey, and Farley will be dismissed.

**V.    Conclusion**

For the reasons stated above, the Court finds that the complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983.  28 U.S.C. § 1915A.  In the absence of an actionable claim, the Court must dismiss the complaint *sua sponte*.  28 U.S.C. § 1915(e)(2). Accordingly, this action will be dismissed.  However, this dismissal is without prejudice.

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE